UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOMEN MAHMOUD MOUSSA,

                Plaintiff,

-against-

BARACK OBAMA; CHRISTOPHER WRAY,

                Defendants.

1:22-CV-4061 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, sues former President of the United States, Barack Obama, and the current Director of the Federal Bureau of Investigation, Christopher Wray. He asserts claims against these defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff seeks damages and the appointment of a special prosecutor to investigate this matter.[1] For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the relevant venue provision, a *Bivens* action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff's amended complaint (ECF 4) is the operative pleading for this action. This Court granted Plaintiff *in forma pauperis* ("IFP") status on June 23, 2022. (ECF 3.)

28 U.S.C. § 1391(b); *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011). Under 28 U.S.C. § 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff, who resides in Brooklyn, Kings County, New York, alleges that Defendant Wray resides in Washington, D.C., but he does not allege where Defendant Obama resides. Plaintiff also alleges that the events giving rise to his claims, including an assault on Plaintiff by a police officer (ECF 4, at 3), occurred in Brooklyn, Kings County, New York, which is within the Eastern District of New York, *see* 28 U.S.C. § 112(c). Thus, from the face of the complaint, it is clear that this court is not a proper venue for this action under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a civil action in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff's claims arose in Kings County, which is within the Eastern District of New York, *see* § 112(c), venue lies in the United States District Court for the Eastern District of New York, *see* § 1391(b)(2), and in the interest of justice, the Court transfers this action to that court, *see* § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 29, 2022
       New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge